UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01461 GAF (Ex) | Date | June 5, 2012 |
|---|---|---|---|
| Title | Ophelia Diaz v. BSI Financial Services, Inc. et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**         (In Chambers)

**ORDER RE: MOTIONS TO DISMISS AND TO EXPUNGE LIS PENDENS**

**I.
INTRODUCTION & BACKGROUND**

Plaintiff Ophelia Diaz brings this action against Defendants BSI Financial Services, Inc. d/b/a Servis One, Inc. ("BSI"), EMC Mortgage, LLC ("EMC"), JP Morgan Chase Bank, N.A. ("Chase"), Mortgage Electronic Registration Systems, Inc. ("MERS"), HomEq Servicing ("HomEq"), American Default Management, LLC ("ADM"), and Mariners Strategic Fund II, LLC ("Mariners Fund"), asserting one federal claim and various state law claims in connection with alleged irregularities in the servicing of her $684,000 mortgage loan and the non-judicial foreclosure sale of her Northridge, California home. (Docket No. 21 [Second Amend. Compl. ("SAC")].) Plaintiff's federal claim arises under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq. (See id. ¶¶ 76–98.) On April 2, 2012, the Court dismissed Plaintiff's TILA claim but permitted leave to amend. (Docket No. 20 [4/2/12 Order].) Defendants now move to dismiss the Second Amended Complaint ("SAC") and to expunge the lis pendens filed against the subject property. (Docket Nos. 22 [EMC/Chase/MERS Mem.], 23 [ADM/BSI/Mariners Fund Joinder], 25 [HomEq Mem.]; see Docket No. 19 [Notice of Pendency].) For the reasons discussed below, the Court **DISMISSES** Plaintiff's TILA claim **with prejudice** and **REMANDS** this action to state court, but **DENIES** the motion to expunge the lis pendens.

Plaintiff secured the subject loan from Equifirst Corporation on July 27, 2007, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01461 GAF (Ex) | Date | June 5, 2012 |
|---|---|---|---|
| Title | Ophelia Diaz v. BSI Financial Services, Inc. et al | | |

executed a Promissory Note and a Deed of Trust in favor of Equifirst. The Deed of Trust named MERS as the beneficiary. (SAC ¶¶ 22–23, Exs. A [Note], B [Deed of Trust].) Shortly thereafter, HomEq began servicing the loan, and, in November of 2008, Plaintiff experienced financial hardship and sought a loan modification. (SAC ¶¶ 24–25.) Plaintiff alleges that she made all required payments under a three-month forbearance agreement and then accepted a permanent loan modification, which would have added her outstanding payments to the loan principal and lowered the interest rate. (Id. ¶ 26, Ex. C.) However, around the same time, the servicing of Plaintiff's loan was transferred to EMC, and EMC refused to honor the modification, or to honor another modification subsequently negotiated directly with EMC. (Id. ¶¶ 27–30.)

On August 25, 2010, Plaintiff received a notice that servicing of her loan had been transferred to BSI. However, she continued to receive correspondence from EMC, and was led to believe that she was still pursuing a modification with EMC. (Id. ¶¶ 31, 86, 88.) Also in August of 2010, she began receiving correspondence from Chase, suggesting for the first time to Plaintiff that this entity had a purported interest in her loan. (Id. ¶¶ 32, 87.) Plaintiff alleges that, "[e]ven after beginning to receive the correspondence[] from Chase and BSI," she "was still receiving communications from EMC and continued sending documents to EMC in order to obtain a modification and avoid foreclosure on her Home." (Id. ¶ 88.) According to Defendants' Corporate Disclosure Statement filed with this Court, Chase and EMC are both wholly owned subsidiaries of JPMorgan Chase & Co. (See Docket No. 9.)

On September 8, 2010, MERS, acting as nominee for JP Morgan Acquisition Corporation based in Flint, Michigan, assigned the Note and Deed of Trust to JP Morgan Acquisition Corporation based in San Diego, California. (SAC ¶ 35, Ex. D.) On the same day, the San Diego-based JP Morgan Chase assigned the Note and Deed of Trust to Mariners Fund. (Id. ¶ 37, Ex. E.) These assignments are the subject of Plaintiff's TILA claim. (See id. ¶¶ 17, 35–37, 58, 78.) She alleges that they were recorded on October 1, 2010, but that she was never notified of them by any entity. (Id. ¶¶ 78–84.) On October 1, 2010, ADM also recorded a Notice of Default and Election to Sell against the property, indicating that Plaintiff's payments were $127,815.43 in arrears, and directing her to contact Mariners Fund to discuss repayment. (Id. ¶ 41, Ex. F.) Plaintiff alleges that, "[b]ased on the lack of notice as to the assignments of the debt," she "was utterly confused and flustered as to which party had authorization to negotiate on behalf of the debt." (Id. ¶ 85.) On November 29, 2010, she again faxed requested documents to EMC, "in an effort to obtain the long-promised modification." (Id ¶ 89.) However, EMC again informed her that it did not receive any of the documents. (Id.)

JS - 6

LINKS: 22, 23, 25

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01461 GAF (Ex) | Date | June 5, 2012 |
|---|---|---|---|
| Title | Ophelia Diaz v. BSI Financial Services, Inc. et al | | |

  A Notice of Trustee's Sale was recorded against the property on January 10, 2011, and the property was sold in a non-judicial foreclosure sale on June 1, 2011. (Id. ¶¶ 44–45, Ex. G.) Plaintiff states that she did not discover that her loan had been sold to Chase and assigned to Mariners Fund until a later unspecified date, and that, as a result of the non-notification, she "is unable to determine whether she sent her monthly mortgage payment to the right party" for an "undetermined amount of time" and may have overpaid interest due on her loan; she "paid an undetermined amount of money in reliance on promised loan modifications while forgoing other options to resolve her financial hardship," and lost several months negotiating a loan modification with EMC when she should have been negotiating with Mariners Fund; she "suffered the loss of her Home and damage to her credit" that would have been avoided had she negotiated with the correct entity; and she "has expended significant funds to cover the costs of attorneys' fees and other related costs in order to remedy the unlawful acts of Defendants." (Id. ¶¶ 90–96; see also id. ¶ 48.) Plaintiff states that, had she been properly notified of the transfers of her mortgage loan, she "would not have lost so much time negotiating with EMC for essentially no reason, and instead would have spent her time and resources achieving modification, and thus avoiding a foreclosure, with Mariners [Fund]." (Id. ¶ 96.)

**II.
DISCUSSION**

**A. MOTION TO DISMISS**

  **1. LEGAL STANDARD UNDER RULE 12(B)(6)**

  A complaint may be dismissed if it fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). On a motion to dismiss under Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint, and construe them "in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120–21 (9th Cir. 2007). Dismissal under Rule 12(b)(6) may be based on either (1) a lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)).

  Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01461 GAF (Ex) | Date | June 5, 2012 |
|---|---|---|---|
| Title | Ophelia Diaz v. BSI Financial Services, Inc. et al | | |

interpreted this rule to allow a complaint to survive a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not sufficiently established that the pleader is entitled to relief. Id. at 1950.

A complaint generally need not contain detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation, alteration, and internal quotations omitted). Similarly, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). That is, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 129 S. Ct. at 1949–50; see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

2. **APPLICATION**

Plaintiff asserts a violation of 15 U.S.C. § 1641(g) against Defendants Chase and Mariners Fund, in connection with their failure to notify her of the assignments of the Deed of Trust. This provision of TILA states

> (1) In general
>
> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—
>
> (A) the identity, address, telephone number of the new creditor;
> (B) the date of transfer;
> (C) how to reach an agent or party having authority to act on behalf of the new

Case 2:12-cv-01461-GAF-E  Document 30  Filed 06/05/12  Page 5 of 7  Page ID #:562

JS - 6

LINKS: 22, 23, 25

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01461 GAF (Ex) | Date | June 5, 2012 |
|---|---|---|---|
| Title | Ophelia Diaz v. BSI Financial Services, Inc. et al | | |

       creditor;
       (D) the location of the place where transfer of ownership of the debt is recorded; and
       (E) any other relevant information regarding the new creditor.

       (2) Definition

       As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.

15 U.S.C. § 1641(g). The Court determined in the 4/2/12 Order that Plaintiff has timely asserted her TILA claim, but dismissed the claim with leave to amend for failure to allege that she suffered actual damages from the non-disclosure of the transfers. (See 4/2/12 Order at 5–7.)

      Defendants now argue that Plaintiff's TILA claim fails as a matter of law against Defendant Chase, because it was the assignor, not the assignee, of the debt, and that the claim fails as against both Chase and Mariners Fund because Plaintiff has again failed to allege actual, non-speculative damages suffered as a result of the non-disclosure of the transfers. (See EMC/Chase/MERS Mem. at 4–6; Docket No. 28 EMC/Chase/MERS Reply at 1–4.) The Court need not decide whether Chase San Diego, which received the assignment from Chase Michigan and assigned the Deed of Trust to Mariners Fund on the same day, was required under 15 U.S.C. § 1641(g) to notify Plaintiff that it had briefly received the assignment from Chase Michigan. This is because the Court agrees that Plaintiff has failed to allege that she suffered actual, non-speculative damages as a result of the non-notification of the assignments.

      "A creditor that fails to comply with any requirement imposed under § 1641(g)(1) only faces liability for 'any <u>actual damage</u> sustained by such person as a result of the failure.'" <u>Beall v. Quality Loan Serv. Corp.</u>, No. 10-CV-1900-IEG (WVG), 2011 WL 1044148, at *6 (S. D. Cal. Mar. 21, 2011). As explained in the 4/2/12 Order, Section 1640 sets out the damages available for a violation of § 1641(g); these are "any actual damage sustained," and, in an individual action related to real property, "twice the amount of any finance charge in connection with the transaction . . . not less than $400 or greater than $4,000." 15 U.S.C. § 1640(a)(2)(A); see <u>Byrd v. Guild Mortg. Co.</u>, No. 11CV2204-WQH-WVG, 2011 WL 6736049, at *5 (S.D. Cal. Dec. 20, 2011); <u>Turner v. AmericaHomeKey Inc.</u>, No. 3:11-CV-0860-D, 2011 WL 3606688, at *3 (N.D. Tex. Aug. 16, 2011); <u>Borowiec v. Deutsche Bank Nat. Trust Co.</u>, No. 11-00094 DAE-KSC, 2011 WL 2940489, at *3 (D. Haw. July 19, 2011); <u>Beall</u>, 2011 WL 1044148, at *6. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01461 GAF (Ex) | Date | June 5, 2012 |
|---|---|---|---|
| Title | Ophelia Diaz v. BSI Financial Services, Inc. et al | | |

requirement that the plaintiff allege actual damages is not met when the alleged damages are "speculative rather than actual." Che v. Aurora Loan Servs., LLC, --- F.Supp.2d ----, 2012 WL 899629, at *3 (Mar. 15, 2012) (plaintiff's damages were speculative where she alleged that she could have tried to save her home had she been given notice of the transfer of the loan, but the record showed that she had filed for bankruptcy and had allowed her loan to go into default).

The gravamen of Plaintiff's complaint is that, had she been properly notified that her loan had been transferred to Mariner's Fund, she would have been able to avoid foreclosure, because she would have tendered payment to and negotiated a loan modification with the correct entity. These allegations are not plausible given the fact that, prior to the assignment of the Deed of Trust to Mariners Fund, Plaintiff had defaulted on her loan in the amount of $127,815.43. (See SAC ¶ 41, Ex. F.) Although Plaintiff has twice amended her complaint, she alleges only vaguely that she may have made mortgage payments in an unspecified amount to the wrong entity for an unspecified period of time, and she does not allege that she made or attempted to make any payments after the loan was transferred to Mariners Fund. In addition, Plaintiff still does not specify any erroneous finance or interest charges incurred as a result of the misinformation she had regarding the identity of the owner of her loan. Moreover, given the magnitude of Plaintiff's default as of October 1, 2010, she cannot plausibly allege that she would have avoided foreclosure if only she had known to direct her attempts at loan modification after that date to Mariners Fund, rather than to EMC.

In Opposition to Defendants' motion, Plaintiff suggests for the first time that her TILA claim relates not only to the September 2010 assignments, but also to the transfer of the loan to Chase on an unknown date prior to August 2010. (See Docket No. 26 [Opp. to EMC/Chase/MERS Mot.] at 11–14.) It appears that Plaintiff now wishes to allege that she was harmed by negotiating modification for months with EMC, rather than with Chase. However, the Corporate Disclosure Statement produced in this litigation indicates that both EMC and Chase are wholly owned subsidiaries of JPMorgan Chase & Co. (See Docket No. 9.) Thus, even had Plaintiff properly alleged that she was not notified of the sale or assignment of the loan to Chase, because she apparently negotiated loan modification with another JPMorgan Chase & Co. subsidiary while Chase held the loan, she could not have been damaged by the non-notification.

Thus, Plaintiff has again failed to allege that she suffered actual, non-speculative damages as a result of Defendants' alleged failure to notify her of the transfer of ownership of her loan. Because this is Plaintiff's second attempt at amendment and because her allegations have not

JS - 6

LINKS: 22, 23, 25

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01461 GAF (Ex) | Date | June 5, 2012 |
|---|---|---|---|
| Title | Ophelia Diaz v. BSI Financial Services, Inc. et al | | |

changed significantly since she filed her original complaint, the Court **DISMISSES** her TILA claim **with prejudice**.

### 3. STATE LAW CLAIMS

The Court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c). Because Plaintiff has alleged this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 but has failed to state a federal claim for relief, the Court declines to exercise supplemental jurisdiction over her state law claims and **REMANDS** this action to Los Angeles County Superior Court.

### B. MOTION TO EXPUNGE LIS PENDENS

Finally, Defendants move to expunge the lis pendens. (See EMC/Chase/MERS Mem. at 24–25.) "The purpose of a lis pendens is to give constructive notice of pending litigation affecting real property, and this purpose is accomplished once the litigation terminates." Contini v. Western Title Ins. Co., 115 Cal. Rptr. 257, 260 (Ct. App. 1974). Here, because the Court remands the action, the litigation has not terminated, and it is therefore premature to expunge the lis pendens. The Court **DENIES** Defendants' motion **without prejudice**.

### III.
### CONCLUSION

Based on the foregoing discussion, the Court **DISMISSES** Plaintiff's TILA claim **with prejudice**, and **REMANDS** this action to Los Angeles County Superior Court. The hearing on Defendants' motion, presently scheduled for Monday, June 11, 2012, is hereby **VACATED**.

**IT IS SO ORDERED**.